[DO NOT PUBLISH]

In the

# United States Court of Appeals

### For the Eleventh Circuit

_____

No. 21-11448

Non-Argument Calendar

_____

ISRAEL BRIGGS,
for the use and benefit of
United States of America,

Plaintiff-Appellant,

*versus*

QUANTITECH INC.,
QUALIS CORPORATION,

Defendants-Appellees,

ELIZABETH MORAD, et al.,

Defendants.

_____

Appeal from the United States District Court
for the Northern District of Alabama
D.C. Docket No. 2:19-cv-01690-ACA

_____

Before WILSON, JORDAN, and NEWSOM, Circuit Judges.

PER CURIAM:

In this retaliation lawsuit, Israel Briggs, now proceeding pro se, alleges that he was unlawfully terminated by his employers, Qualis and QuantiTech, after disclosing to his employers that he believed they were committing fraud. Briggs brought retaliation claims under three different statutory regimes: (1) the False Claims Act[1] (FCA), (2) the National Defense Authorization Act[2] (NDAA), and the Florida Whistleblower Protection Act[3] (FWPA). The district court granted Qualis and QuantiTech's Rule 12(b)(6) motions to dismiss as to all of Briggs's claims. On appeal, Briggs contends that the allegations in his complaint sufficiently show that he had an objectively reasonable belief that his employer was defrauding

---

[1] 31 U.S.C. § 3730(h).

[2] 10 U.S.C. § 4701(c)(2).

[3] Fla. Stat. § 448.102(3).

the government or otherwise violating the law.  For the reasons stated below, we affirm.

## I.

Since we are reviewing a Rule 12(b)(6) motion to dismiss, we take the following facts from Briggs's First Amended Complaint as true and construe them in the light most favorable to him.[4]  Israel Briggs initiated this lawsuit against QuantiTech and Qualis following his termination from a government contract that the companies had been awarded.  QuantiTech was the prime contractor and Qualis was the subcontractor and direct employer of Briggs.  The purpose of the contract was to provide the United States Air Force (USAF) with various services regarding their information systems.  Briggs was assigned the role of an information system security manager and had the primary responsibility of evaluating the USAF's systems to ensure they met the necessary standards.

During his employment under the contract, Briggs encountered problems with his supervisor, Robin Hays who was a USAF civilian employee.  According to Briggs, Hays did not follow project protocol in supervising his work.  Briggs believed that Hays did not have the necessary credentials to be working on the contract and her supervision was causing chain of command issues.

---

[4] *See Glover v. Ligget Grp., Inc.*, 459 F.3d 1304, 1308 (11th Cir. 2006) (per curiam).

Stemming from these tensions with Hays, Briggs raised three claims of fraud against his employer.

First, according to Briggs, Hays's close supervision of Briggs turned his employment under the contract into an illegal services contract. Under 48 C.F.R. § 37.104, the government may not obtain personal services by contract, but rather only by direct hire. This illegal services contract in turn created an Organizational Conflict of Interest (OCI) for Qualis because the company was unable to render impartial assistance due to its need to conceal the unlawful personal services contract. Under 48 C.F.R. § 1352.209-74, a contractor has a duty to disclose any OCIs to the government and the government may terminate the contract or debar the contractor from government contracting. Therefore, Briggs alleges, Qualis violated this regulation by not disclosing the OCI.

Second, Briggs identified certain cybersecurity vulnerabilities with the USAF's information systems. Briggs alleged that Qualis conspired with USAF employees to conceal this fact from the USAF chain of command, which allowed Qualis to misrepresent that it was performing as required under the contract.

Third, Briggs pointed to a fraudulent progress report made by Hays. According to Briggs, Hays entered an incorrect date on a progress report that made it seem like the project was further along than it really was.

Briggs raised all of these concerns to both the USAF and Qualis. Despite meetings and various communications between

Briggs, the USAF, and Qualis, the parties were unable to resolve these issues. In the end, the USAF informed Qualis that it would no longer be funding Briggs's position. Qualis furloughed Briggs from his work under the contract and, ultimately, terminated him from his position at the company.

Briggs then brought three claims against Qualis and QuantiTech, alleging that his employers violated the retaliation provisions of the FCA, NDAA, and FWPA. Briggs claimed that his employer unlawfully terminated him after he objected to what he reasonably believed to be illegal practices and fraud against the United States committed by the company. Qualis and QuantiTech moved to dismiss the complaint for failure to state a claim. The district court granted those motions, finding that Briggs did not establish an objectively reasonable belief that his employers were defrauding the government or violating a law, rule, or regulation. Briggs then moved for reconsideration, which the district court denied. This appeal of the district court's grant of Qualis and QuantiTech's motions to dismiss and denial of Briggs's motion for reconsideration followed.

## II.

"We review de novo the district court's grant of a motion to dismiss under [Rule] 12(b)(6) for failure to state a claim[.]" *Glover*, 459 F.3d at 1308. Under Rule 8(a), a complaint must, among other things, present "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). To survive a motion to dismiss, a complaint must contain sufficient

facts that, if true, state a facially plausible claim for relief. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A claim is facially plausible if it creates a "reasonable inference that the defendant is liable for the misconduct alleged." *Id.* However, conclusory allegations are not facts that are "entitled to be assumed true." *Id.* at 681.

We review the denial of a Rule 59(e) motion for reconsideration for abuse of discretion. *St. Louis Condo. Assoc., Inc. v. Rockhill Ins. Co.*, 5 F.4th 1235, 1246 (11th Cir. 2021). A district court may grant a Rule 59(e) motion only based on newly-discovered evidence or manifest errors of law or fact. *Id.* It cannot be used to relitigate old arguments or present evidence that could have been raised before the entry of judgment. *Id.*

## III.

Turning first to Briggs's FCA claim, Briggs seeks relief under the retaliation provision of the FCA which provides an employee with a cause of action against his employer if his employer terminates his employment because the employee was attempting to stop violations of the FCA. *See* 31 U.S.C. § 3730(h). In *Hickman v. Spirit of Athens, Ala., Inc.*, we noted that circuits have interpreted the retaliation provision in the FCA differently. 985 F.3d 1284, 1288 (11th Cir. 2021). Prior to the amendments to § 3730(h), we applied the "distinct possibility" standard, meaning that employees were protected not just when a FCA action has been filed, but also when the filing of such an action was a distinct possibility. *See Childree v. UAP/GA CHEM, Inc.*, 92 F.3d 1140, 1146 (11th Cir. 1996). Following the amendments, we have yet to adopt a

controlling standard.  However, in *Hickman*, we chose not to expressly adopt a standard because even under the lesser standard that an employee only needs to have an objectively "reasonable belief" of an FCA violation, the plaintiff's claim under § 3730(h) failed. 985 F.3d at 1289.  We choose to do the same here.

Briggs does not sufficiently allege that he had an objectively reasonable belief that his employer was violating the FCA.  "[T]he *sine qua non* of an FCA violation is a submission of a false claim to the government."  *Ruckh v. Salus Rehab., LLC*, 963 F.3d 1089, 1103 (11th Cir. 2020) (alteration adopted and internal quotation marks omitted).  Thus, Briggs must show that he had an objectively reasonable belief that Qualis and QuantiTech were submitting false claims to their customer under the contract, the USAF.  To prove liability under the FCA, Briggs must demonstrate that his employers (1) made a false statement or engaged in a fraudulent course of conduct (2) with scienter (3) that was material and (4) caused the government to pay out money or forfeit moneys due.  *United States ex rel. Bibby v. Mortgage Inv'rs Corp.*, 987 F.3d 1340, 1346 (11th Cir. 2021).

We quickly dismiss Briggs's theories of fraud based on (1) a fraudulent progress report made by Hays and (2) the alleged conspiracy to conceal cybersecurity vulnerabilities in the USAF's systems.  Regarding the progress report, that action was taken by a USAF employee, not Qualis, so Qualis cannot be said to have made a false statement or engaged in a fraudulent course of conduct under that theory.  Regarding the cybersecurity vulnerabilities, Briggs

does not sufficiently allege that Qualis attempted to conceal these vulnerabilities from the USAF or say that the vulnerabilities did not exist.  On the contrary, Briggs alleges that he disclosed these vulnerabilities to USAF employees.  The fact that the USAF chose not to address these issues does not equate to Qualis fraudulently concealing them from the USAF.

Turning to Briggs's last theory of fraud that Qualis failed to disclose a conflict of interest to the USAF, Briggs alleges that the conflict arose due to Qualis's "need to conceal the personal services contract."  We conclude that this theory fails because "liability under the [FCA] arises from the submission of a fraudulent claim to the government, not the disregard of government regulations or failure to maintain proper internal procedures." *Hickman*, 985 F.3d at 1289 (internal quotation marks omitted).  Briggs attempts to do just that here.  He does not allege that failure to report the conflict caused the submission of a false claim, rather he only alleges that failure to disclose the conflict violated a federal regulation.  Therefore, we conclude that it was not reasonable for Briggs to believe that his employer was submitting false claims to the government by not disclosing this conflict of interest.

Briggs's claims under the NDAA and FWPA suffer the same fate.  The NDAA provides that an employee of a government contractor may not be discharged for disclosing what "the employee reasonably believes is evidence" of "a violation of law, rule, or regulation related to a Department [of Defense] contract."  10 U.S.C. § 4701(a).    Similarly, the FWPA protects employees from

21-11448                 Opinion of the Court                    9

retaliation for objecting to an employer's "violation of a law, rule, or regulation." Fla. Stat. § 448.102(3). The Florida Courts of Appeal are split on whether a FWPA plaintiff must show that the defendants actually violated the law or whether he must only show that he had a good-faith, reasonable belief that the employer had violated such a law, rule, or regulation. *See Kearns v. Farmer Acquisition Co.*, 157 So. 3d 458, 465 (Fla. Dist. Ct. App. 2015) (requiring that the defendant actually violated the law); *Aery v. Wallace Lincoln-Mercury, LLC*, 118 So. 3d 904, 916 (Fla. Dist. Ct. App. 2013) (requiring only a good-faith, objectively reasonable belief that the defendant violated the law).

Even assuming the FWPA, like the NDAA, requires only a reasonable belief of a violation by the defendant, Briggs cannot meet that standard. The only possible source of liability for Qualis and QuantiTech here would be from their alleged failure to disclose a conflict of interest in violation of 48 C.F.R. § 1352.209-74. Briggs's theory is that a conflict was generated due to Qualis's need to conceal an unlawful personal services contract created by Hays's supervision over Briggs. However, Qualis was not concealing anything for two reasons. One, the USAF was the one who allegedly created the unlawful personal services contract so this fact would already be known to them. Two, Briggs disclosed his concerns about Hays's supervision to both Qualis and the USAF. Therefore, Qualis could not conceal a problem of which the USAF was already aware.

Finally, we address Briggs's argument that the district court impermissibly resolved factual disputes in determining that Briggs's belief was not objectively reasonable.  As noted above, all three of Briggs's claims require, at a minimum, a reasonable belief that Qualis and QuantiTech engaged in defrauding the government or were otherwise violating the law.  The district court properly took all of Briggs's factual allegations as true, but "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions."  *Iqbal*, 556 U.S. at 678.  Thus, even assuming the facts in Briggs's complaint as true, they still do not establish that his belief was objectively reasonable.  Accordingly, we affirm the district court's dismissal of Briggs's claims.[5]

**AFFIRMED.**

---

[5] Because Briggs's motion to reconsider reiterates the same arguments already made, the district court did not abuse its discretion in denying that motion. *St. Louis Condo. Assoc., Inc.*, 5 F.4th at 1246.